IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Criminal Action No. 1:10-cr-190 |
| v. | : | (Chief Judge Kane) |
| | : | |
| JOHN H. HUGHES, | : | |
|     Defendant | : | |

## MEMORANDUM

On January 19, 2011, the Grand Jury issued a three-count Superseding Indictment charging Defendant John Hughes with: (1) conspiracy to use fire to commit a federal felony and to commit interstate transportation of stolen property in violation of 18 U.S.C. § 371; (2) use of a fire to commit a federal felony in violation of 18 U.S.C. § 844(h)(2) and 18 U.S.C. § 2; and (3) interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and 18 U.S.C. § 2. (Doc. No. 47.)  The United States alleges that Defendant and Angel Rodriguez engaged in a nearly two-year scheme to steal goods from their employer and to transport and sell those goods in interstate commerce.  The indictment further alleges that in an effort to conceal their crimes, Defendant and Rodriguez set fire to their employer's warehouse. Currently pending before the Court is Defendant's motion to dismiss Count 1 and Count 2 of the Superseding Indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure.  (Doc. No. 86.)  For the reasons stated more fully herein, the Court will deny Defendant's motion.

I.      STANDARD OF REVIEW

"An indictment is an accusation only, and its purpose is to identify the defendant's alleged offense . . . and fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have." United States v. Stansfield, 171 F.3d 806, 812 (3d Cir.

1999) (quotations and citations omitted). A defendant, however, may move to dismiss an indictment based on defects in the indictment, lack of jurisdiction, or failure to charge an offense. Fed. R. Crim. P. 12(b)(3)(B). When deciding a motion to dismiss, the Court must consider the entire indictment, taking the allegations contained therein as true. United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002). The indictment is not sufficient where is merely alleges the essential elements of the offense. Id. Rather, it must include specific facts that satisfy the elements charged. Id. If the specific allegations contained in the indictment are insufficient to sustain a conviction for the offense charged, the Court must grant the motion to dismiss. United States v. Hedaithy, 392 F.3d 580, 589 (3d Cir. 2004). However, "[i]t is well-settled that a court may not dismiss an indictment on a determination of facts that should have been developed at trial." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (quotations and citations omitted). An indictment is generally considered sufficient under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure where it: "(1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989) (quotations and citations omitted). Further, when addressing a motion to dismiss, the Court must take the allegations contained in the indictment as true. United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990).

## II.     DISCUSSION

Defendant moves to dismiss Counts 1 and 2 of the Superseding Indictment. The gravamen of Defendant's argument is that Counts 1 and 2 fail to state a claim because the

alleged predicate felony giving rise to the "use of a fire" charge is interstate transportation of stolen property, and the United States has not alleged that Defendant used fire to transport the stolen goods. (Doc. No. 87 at 4.) The Court will address the issues in the order they are raised in Defendant's brief, considering first whether Count 2 fails to state an offense, and then considering whether Count 1 fails to state an offense.

### A.   Whether Count 2 Fails to State an Offense

Count 2 of the Superseding Indictment charges Defendant with using a fire to commit a federal felony in violation of 18 U.S.C. § 844(h)(2). (Doc. No. 47.) The United States will have stated an offense under 18 U.S.C. § 844(h)(2) where it is able to show that: (1) Defendant committed a felony for which he may be prosecuted in a court of the United States; and (2) Defendant used fire to commit that felony. See 18 U.S.C. § 844(h)(2); 2-30 Modern Federal Jury Instructions-Criminal P 30.02. Because the statute requires Defendant to commit a felony, the statute incorporates the elements of the predicate felony. United States v. Martin, 523 F.3d 281, 292 (4th Cir. 2008). In the present case, the United States alleges that Defendant used fire to commit the crime of conspiracy, which was charged in Count 1 of the indictment.

Defendant's argument regarding whether Count 2 states a claim is based on the proposition that the predicate offense for the use of fire charge is the transportation of stolen goods in interstate commerce. (Doc. No. 87 at 5-9.) However, the predicate offense for the use of fire charge is not the transportation of stolen goods. Rather, the predicate offense for Count 2 is the conspiracy charged in Count 1. (Doc. No. 47 at 3.) Accordingly, the indictment is sufficient if it would support a finding that Defendant used fire to commit the crime of conspiracy. The Court concludes that the indictment does so sufficiently.

A conspiracy is a continuing offense encompassing all acts done in furtherance of the conspiracy. See United States v. Ali Amirnazmi, No. 10-1198, 2011 U.S. App. LEXIS 9741, at *77-78 (3d Cir. May 13, 2011) (citing Grunewald v. United States, 353 U.S. 391, 397 (1957); United States v. Jake, 281 F.3d 123, 130 n.6 (3d Cir. 2002)).  In the present matter, the United States alleges the existence of an ongoing two-year conspiracy to profit from the sale of goods stolen from the Americana Tire and Wheel Company.  The United States alleges Defendant set fire to the warehouse in furtherance of the conspiracy and to effect the objects of the conspiracy.  In the context of a scheme such as this, where the object of the conspiracy was a long-running plan to profit from the theft of goods, an act done in an effort to prevent the victim of the theft from becoming aware that he is indeed the victim of theft may be found to be part of the conspiracy itself.  See, e.g., Grunewald v. United States, 353 U.S. at 405 (holding that "a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime"); United States v. Mann, 161 F.3d 840, 859 (5th Cir. 1998) ("[A]cts of concealment are part of the central conspiracy itself where the purpose of the main conspiracy, by its very nature, called for concealment." (internal citations and quotations omitted)); United States v. Rabinowitz, 56 F.3d 932, 934 (8th Cir. 1995) ("When concealment is necessary to accomplish a crime successfully, acts of concealment are properly considered to be within the conspiracy.").  Because at trial the Government could prove that Defendant used fire as part of an overt act in furtherance of the conspiracy, at this time the Court is unable to conclude that the United States has failed to state a claim on Count 2 of the indictment.

### B.     Whether Count 1 Fails to State an Offense

In Count 1 of the Superseding Indictment, the United States charges Defendant with conspiracy under 18 U.S.C. § 371.  To establish the existence of a conspiracy under 18 U.S.C. § 371, the Government must show: "(1) an agreement to commit an offense proscribed by federal law; (2) the defendants intentionally joining in the agreement; (3) one of the conspirators committing an overt act; and (4) an overt act in furtherance of the conspiracy." United States v. Rigas, 605 F.3d 194, 206 n.9 (3d Cir. 2010).  In the indictment, the United States alleges that Defendant "knowingly and willfully" agreed with Angel Rodriguez and others to commit two crimes, namely: (1) the use of a fire to commit a federal felony; and (2) the interstate transportation of stolen property beginning at some time in 2006 and ending on August 3, 2008.  The indictment further alleges that Defendant committed two overt acts in furtherance of the conspiracy: (1) stealing property from the Americana Tire and Wheel Company and selling it to other businesses and individuals; and (2) directing Angel Rodriguez to set fire to the Americana Tire and Wheel Company.

Defendant argues that Count 1 of the Superseding Indictment fails to state an offense in part. (Doc. No. 87 at 10-11.)  Defendant argues that the conspiracy charge must fail as to the conspiracy to use fire to commit a federal offense.  Defendant musters no case law in support of his position. Rather, he simply asserts that the charge is nonsensical because to prove the conspiracy to use fire to commit a felony, the United States must prove the use of fire to commit a felony, and in order to prove the use of fire to commit a felony, the United States must prove the conspiracy to use fire to commit a felony.  However, the conspiracy count can be proven even if only one of the objects of the conspiracy is established.  See Griffin v. United States, 502

U.S. 46, 56-57 (1991) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." (citations omitted)); United States v. Williams, 850 F.2d 142, 143 n.4 (3d Cir. 1988).  Therefore, to establish Defendant's guilt of conspiracy to use fire, the Government need only prove that Defendant used fire to commit the offense of conspiracy to transport goods in interstate commerce.  Because the Court has previously concluded that the Superseding Indictment is sufficient to state the offense of use of fire to commit a felony, at this time the Court declines to grant Defendant's motion to dismiss Count 1 of the Superseding Indictment.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | **Criminal Action No. 1:10-cr-190** |
| **v.** : | **(Chief Judge Kane)** |
| : | |
| **JOHN H. HUGHES,** : | |
| **Defendant** : | |

## ORDER

**AND NOW**, on this 12th day of July 2011, **IT IS HEREBY ORDERED THAT**

Defendant's motion to dismiss (Doc. No. 86) is **DENIED**.

S/ Yvette Kane
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania