**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN H. HUGHES, JR.,** | : | |
| **Petitioner** | : | **No. 1:10-cr-00190-01** |
| | : | |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

Before the Court is Petitioner John H. Hughes, Jr.'s motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 210.)  For the reasons that follow, the

Court will deny Petitioner's motion.

**I.     BACKGROUND**

On June 16, 2010, Petitioner John H. Hughes, Jr. was indicted on one count of conspiracy

to commit arson and interstate transportation of stolen property in violation of 18 U.S.C. §§ 371,

844(i), and 2314; one count of arson in violation of 18 U.S.C. § 844(i); and one count of

interstate transportation of stolen property in violation of 18 U.S.C. § 2314.  (Doc. No. 1.)  On

June 22, 2010, Petitioner entered a plea of not guilty to all three counts.  (Doc. No. 14.)

On January 19, 2011, the grand jury returned a superseding indictment charging

Petitioner with one count of conspiracy to use fire to commit a federal felony and interstate

transportation of stolen property in violation of 18 U.S.C. §§ 371, 844(h), and 2134; one count of

use of fire to commit a federal felony in violation of 18 U.S.C. §§ 2 and 844(h); and one count of

interstate transportation of stolen property in violation of 18 U.S.C. §§ 2 and 2134.  (Doc. No.

47.)

On June 3, 2011, Petitioner filed a motion to dismiss Counts I and II of the superseding

indictment (Doc. No. 86), which the Court denied on July 12, 2011 (Doc. No. 94).  On July 25, 2011, Petitioner proceeded to trial, and on August 3, 2011, the jury returned a verdict of guilty as to Counts I and III of the superseding indictment, and not guilty as to Count II.  (Doc. No. 126).  On January 24, 2012, the Court sentenced Petitioner to a term of sixty months imprisonment on Count I, and 120 months imprisonment on Count III, to be served consecutively.  (Doc. No. 188 at 2.)  Petitioner filed a notice of appeal on February 1, 2012 (Doc. No. 189), and the United States Court of Appeals for the Third Circuit subsequently affirmed Petitioner's conviction and sentence on January 9, 2013 (Doc. No. 199).  Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on September 4, 2013.  (Doc. No. 210.)  Respondent United States filed a brief in opposition on November 18, 2013.  (Doc. No. 215.)  Petitioner then filed a reply brief on January 14, 2014.  (Doc. No. 220.)  The Court will address the parties' arguments in turn.[1]

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing.  United States v.

---

[1] On December 2, 2014, Petitioner also filed a motion for leave to supplement his motion to vacate, pursuant to Federal Rule of Civil Procedure 15(d) (Doc. No. 221) as well as a supplemental pleading (Doc. No. 221-1).  The Court will address Petitioner's supplemental filing in Section III.C.

Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178,

185 (1979)).  Rather, Section 2255 is implicated only when the alleged error raises "'a

fundamental defect which inherently results in a complete miscarriage of justice.'"  Addonizio,

442 U.S. at 185 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  Under the

Antiterrorism and Effective Death Penalty Act, a petitioner has one year from the time his

conviction becomes final to file a Section 2255 motion.  28 U.S.C. § 2244.

Further, Section 2255(b) advises that a prisoner may be entitled to a hearing on his

motion.  The decision to hold a hearing is wholly within the discretion of the district court.

Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  When the record affirmatively

indicates that a petitioner's claim for relief is without merit, the claim may be decided on the

record without a hearing.  See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir.

1985).  If the record conclusively negates the factual predicates asserted in support of a Section

2255 motion, or, if the movant would not be entitled to relief as a matter of law even if the

factual predicates as alleged in the motion are true, the trial court may elect not to conduct an

evidentiary hearing.  Nicholas, 759 F.2d at 1075.

## III.   DISCUSSION

Petitioner raises five arguments in support of his Section 2255 petition, including three

claims of ineffective assistance of counsel against his trial counsel, Laurence Kress, and one

claim of prosecutorial misconduct for a vindictive prosecution against Assistant United States

Attorney Christy Fawcett.  (See Doc. No. 210.)  In a supplemental filing, he also contends that,

based on the decision of the United States Supreme Court in Rosemond v. United States, 134 S.

Ct. 1240 (2014), the jury was erroneously instructed on the elements of aiding and abetting.

(Doc. No. 221.)

### A.    Petitioner's ineffective assistance of counsel claims

To demonstrate that counsel was ineffective, a petitioner must meet the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  The first prong requires a petitioner to "show that counsel's performance was deficient," by establishing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id.  In evaluating counsel's conduct, the Court adopts a "strong presumption" that the attorney's performance was reasonable.  Id. at 687, 689.

The second prong of the Strickland test requires a petitioner to establish that "the deficient performance prejudiced the defense" by showing that "counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." Id.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  In assessing whether Petitioner has stated a claim for ineffective assistance of counsel, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006) (citing Strickland, 466 U.S. at 668).  Finally, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless claim." United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

Petitioner argues that counsel was ineffective for the following reasons: (1) counsel "provided misleading information when he told [Petitioner] that he either had to plead guilty to all counts of the indictment or take all three counts to trial," (2) counsel did not object to alleged

errors in the indictment, and (3) counsel failed to object to sentencing enhancements.  (Id. at 5, 7, 10.)

### 1.     Counsel's allegedly misleading information

Petitioner asserts that counsel was ineffective because he provided Petitioner with the "misleading information" that Petitioner "either had to plead guilty to all counts of the indictment or take all three counts to trial."  (Doc. No. 210 at 5.)  Specifically, Petitioner asserts that he asked counsel if he could plead guilty to the theft-related charges but not the arson-related charges, and counsel responded that the "plea offer from the United States Attorney did not allow him to accept just the theft charges without pleading guilty to the arson charges as well."  (Id.)  Petitioner asserts this advice prejudiced him because counsel failed to inform him that he could enter an open plea of guilty to the theft-related charges and take the arson-related charges to trial.  (Id.)  Petitioner argues that had he entered an open guilty plea to the theft-related charges, he would have "likely received a three-level reduction for acceptance-of-responsibility."  (Id.) (citing United States v. Booth, 432 F.3d 542, 543 (3d Cir. 2005).)  Thus, Petitioner contends that "[h]ad counsel advised [Petitioner] of his ability to plea[d] guilty to the theft part of the indictment, [Petitioner] would have entered into an open plea with the Court, and not taken that charge to trial and as an end result would have likely received the three level reduction for acceptance-of-responsibility."  (Id. at 7 (citing Booth, 432 F.3d at 543).)

The United States argues that counsel's advice did not prejudice Petitioner, because regardless of counsel's advice, Petitioner cannot establish that he qualified for an "acceptance of responsibility" sentence reduction.  (Doc. No. 215 at 22.)  The United States Sentencing Commission Guidelines ("U.S.S.G.") indicate that a defendant is entitled to an acceptance of

responsibility reduction only where he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).) The United States argues that Petitioner cannot establish he is entitled to the reduction because Petitioner concedes he would not have pleaded guilty to the arson-related charges. (See Doc. No. 215 at 22) (citing U.S.S.G. § 3E1.1(a).) (See also Doc. No. 20 at 5.) Specifically, the United States argues that because the Court determined that Petitioner's arson charge was "relevant conduct" to his theft charge for sentencing grouping purposes under the U.S.S.G., but Petitioner never accepted responsibility for the arson charge, "[Petitioner] has not accepted responsibility for conduct relevant to the interstate transportation of stolen property. . . [and therefore] would not receive credit for acceptance of responsibility and his sentencing guideline range would remain the same." (Doc. No. 215 at 24.) See also U.S.S.G. § 3E1.1(a).

To receive an "acceptance of responsibility" reduction, the Guidelines require a defendant to "truthfully admit the conduct comprising the offense(s) of conviction, and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. Application Note 1 of § E1.1. (See also Doc. No. 215 at 22-23.) When a defendant "denies complicity for the crime and relevant conduct," the Court may deny the defendant an "acceptance of responsibility" reduction. Booth, 432 F.3d at 548. The United States argues that because the Court determined at Petitioner's sentencing hearing that Petitioner's charge for "use of fire to commit a federal felony" was relevant conduct to his charge for "interstate transportation of stolen property" (see Doc. No. 195 at 19), Petitioner cannot establish that he would have received a reduction for acceptance of responsibility by pleading guilty in open court to the theft charge only. (Doc. No. 215 at 23-24.)

Rather, the United States asserts that for Petitioner to receive an acceptance of responsibility reduction, he must have pleaded guilty to both the arson-related and theft-related offenses because the Court grouped them together as relevant conduct under the Guidelines. (Id.) Thus, the United States concludes that because Petitioner concedes he would not have accepted responsibility for the arson charge, "[Petitioner] would not receive credit for acceptance of responsibility and his sentencing guideline range would remain the same." (Id. at 24.)

The Strickland ineffective assistance of counsel test applies to counsel's advice in the context of plea discussions. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish prejudice in the context of plea proceedings, the Court must "focus on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. Thus, to establish prejudice, Petitioner "must demonstrate that, but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence." Booth, 432 F.3d at 546-47.

The Court finds that Petitioner has not established that he "clearly demonstrate[d] acceptance of responsibility for his offense" warranting an acceptance of responsibility reduction, and therefore has not shown that counsel prejudiced him by failing to inform Petitioner that he could plead guilty to the theft charge but proceed to trial on the arson charge. See U.S.S.G. § 3E1.1(a). Petitioner asserts he was willing to accept guilt as to part, but not all of his charges. (See Doc. No. 210 at 7.) However, the Court determined at Petitioner's sentencing hearing that his "use of fire" charge was relevant conduct to his "transportation of stolen goods" charge, and thus the charges were properly grouped under the U.S.S.G. for sentencing purposes. (See Doc. No. 195 at 19.) See also Hughes Presentence Report ("PSR"). Petitioner's argument that he would have received an acceptance of responsibility reduction for pleading guilty to the

theft charge fails to account for this grouping, as well as the Guidelines' requirement that a petitioner must "truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." (Doc. No. 210 at 5.) See also U.S.S.G. Application Note 1 of § E1.1. Because Petitioner concedes he would not have pleaded guilty to the arson charge as conduct relevant to his theft charge, the Court finds Petitioner has not established that he would have received an acceptance of responsibility reduction but for counsel's failure to provide him the option of pleading guilty to the theft charge but proceeding to trial on the arson charge. Accordingly, Petitioner has not established that counsel's advice prejudiced him, and the Court therefore will not grant Petitioner an evidentiary hearing on this ground.

### 2.    Counsel's alleged failure to object to errors in the indictments

Petitioner next argues that counsel was ineffective for failing to object to errors in Petitioner's indictments. (Doc. No. 210 at 7-8.) First, Petitioner asserts that counsel failed to object to the fact that the original indictment was not signed by the grand jury foreperson. (Id. at 8.) Second, Petitioner argues that counsel failed to object to the superseding indictment's filing date, which Petitioner alleges was not within the bounds of the Speedy Act Trial, 18 U.S.C. § 3161(b). (Id.) Third, Petitioner argues counsel did not object to both the first and superseding indictments, which Petitioner alleges failed to state an offense for "interstate transportation of stolen property." (Id. at 9.) The United States argues that counsel's conduct was not ineffective, because the alleged errors in the indictments do not exist. (Doc. No. 215 at 25.) The Court will address each argument in turn.

### a.    Grand jury foreperson signature

First, Petitioner argues that counsel was ineffective because he failed to object to the fact that the original indictment was not signed by the grand jury foreperson.  (Doc. No. 210 at 8.) The United States argues that Petitioner is incorrect in his assertion that the grand jury foreperson failed to sign the original indictment, and that "[c]onsistent with the usual practice in the Middle District of Pennsylvania, the signature of the Grand Jury foreperson has been redacted from the indictment to protect the privacy and security of the foreperson."  (Id. at 26.)

The Court finds Petitioner's argument meritless.  The original, sealed indictment clearly bears the grand jury foreperson's signature.  (See Doc. No. 2.)  Accordingly, the Court finds counsel was not ineffective for failing to object to the original indictment, and will decline to conduct an evidentiary hearing as to this matter.

### b.        Speedy Trial Act

Petitioner next alleges that counsel was ineffective for failing to object to the United States' failure to file the superseding indictment "within thirty days from the date on which (the defendant) was arrested or served with a summons in connection with the charges."  (Doc. No. 210 at 8) (citing 18 U.S.C. § 3161(b).)  Specifically, Petitioner argues that because he entered a "not guilty" plea on June 22, 2010, which thus triggered the United States' thirty day window in which to file additional indictments, but the superseding indictment was not filed until January 19, 2011, "[c]ounsel had a duty to object to the superseding indictment as being untimely . . . ." (Doc. No. 210 at 8.)

The United States argues that Petitioner is incorrect in his assertion that it filed the superseding indictment in violation of the Speedy Trial Act.  (Doc. No. 215 at 27.)  Specifically, the United States asserts that because "the Speedy Trial Act does not guarantee that an arrested

individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government," Petitioner's rights under the Speedy Trial Act were not violated, and thus counsel was not ineffective for failing to object.  (Id.) (quoting United States v. Hemmings, 258 F.3d 587, 592 (7th Cir. 2001).)  In his reply brief, Petitioner restates his argument that the superseding indictment was untimely per the Speedy Trial Act, and also asserts that it contained only improper "gilded"[2] charges.  (Doc. No. 220 at 2-3.)

The Court again finds Petitioner's argument meritless.  The Third Circuit has held that a "superseding indictment that issues more than 30 days after the arrest, but before the original indictment is dismissed, does not violate § 3161(b)" of the Speedy Trial Act.  United States v. Rahamin, 168 F. App'x 512, 517 (3d Cir. 2006).  Here, more than thirty calendar days passed between June 22, 2010, when Petitioner entered a plea of not guilty, and January 29, 2011, when the superseding indictment was filed.  (See Doc. Nos. 14, 47.)  However, Petitioner's original indictment was not dismissed until January 24, 2012.  (See Doc. No. 188.)  Thus, the Court finds that because Petitioner's superseding indictment was issued "before the original indictment [was] dismissed," the superseding indictment did not violate the Speedy Trial Act.  Rahamin, 168 F. App'x at 517.

Additionally, the Court notes that Petitioner fails to consider the effect of his five

---

[2] The United States Court of Appeals for the Fifth Circuit has characterized a gilded charge as "one that merely annotates in more detail the same charge alleged in the initial accusatory instrument."  United States v. Bailey, 111 F.3d 1229, 1236 (5th Cir. 1997).  It is unclear whether the so-called "gilding exception" to the Speedy Trial Act is viable in the Third Circuit.  See United States v. Watkins, 339 F.3d 167, 177 (3d Cir. 2003) (stating that the Third Circuit "assum[ed] (without deciding) that the gilding exception to the Speedy Trial Act is viable . . .").  This Court will likewise assume without deciding that the exception applies to the above-captioned action.

motions for continuance of trial on his claim under the Speedy Trial Act.  Section 3161(h)(7)(A)

of the Act provides: "[t]he following periods of delay shall be excluded in computing the time

within which an information or indictment must be filed: . . . [a]ny period of delay resulting from

a continuance granted by any judge . . . at the request of the defendant or his counsel . . . ."  18

U.S.C. § 3161(h)(7)(A).  Petitioner filed unopposed motions for continuance of trial and to

extend pretrial motion deadlines on July 9, 2010, August 3, 2010, September 1, 2010, October 6,

2010, and November 19, 2010, all of which the Court granted.  (See Doc. Nos. 21, 22, 33, 34,

37, 39, 41-44.)  Upon granting Petitioner's final motion for a continuance, the Court set trial for

February 7, 2011.  (Doc. No. 44.)  Thus, the January 19, 2011 superseding indictment fell within

a "delayed" period "resulting from a continuance granted" by the Court "at the request of

defendant," and as such did not fall outside the allotted thirty day window in which the United

States may file additional indictments.  See 18 U.S.C. § 3161(h)(7)(A).  Accordingly, the Court

finds the January 19, 2011 superseding indictment did not violate the Speedy Trial Act.

Further, the Court finds Petitioner's "gilding" argument unpersuasive.  In jurisdictions

recognizing the gilding exception to the Speedy Trial Act, courts have found that "the date of the

initial arrest may trigger the applicable time periods of the Act as to prosecution for both [the

original and gilded] offenses."  United States v. Watkins, 339 F.3d 167, 176 (3d Cir. 2003)

(internal citations omitted).  Assuming without deciding that the gilding exception applies in the

Third Circuit, the Court finds that counsel was not ineffective for failing to object to the

indictment on the basis of allegedly gilded charges, because Petitioner cannot establish he was

prejudiced by counsel's conduct.

Specifically, the Court has already determined that Petitioner's superseding indictment of

January 19, 2011 did not violate the Speedy Trial Act because, inter alia, Petitioner's motions for continuance of trial extended the Speedy Trial Act's thirty day window to encompass the date on which the superseding indictment was filed.  Assuming arguendo that the Court found the superseding indictment contained gilded charges, the Court would then consider the date "triggering" the start to the United States' thirty day window in which it may file additional indictments to be June 22, 2010, the date of Petitioner's not guilty plea.  See Watkins, 339 F.3d at 176.  However, because Petitioner's filing of numerous motions for continuance of trial between July 9, 2010 and November 19, 2010 delayed "the time within which an information or an indictment may be filed," the Court finds that even were it to set the "trigger" for the United States' thirty day window to file additional indictments at the date of his not guilty plea,[3] the superseding indictment would still fall within the delayed thirty day window, and thus would not violate the Speedy Trial Act.[4]  See id.  See also 18 U.S.C. § 3161(h)(7)(A).  Accordingly, the Court finds that counsel was not ineffective for failing to object to Petitioner's indictments, and the Court will decline to hold an evidentiary hearing on this matter.

### c.    Existence of two indictments

Petitioner next argues that counsel was ineffective for failing to object to the fact that

---

[3] That is, June 22, 2010.  (See Doc. No. 14.)

[4] By the Court's calculation, seventeen calendar days passed between Petitioner's entry of a not guilty plea on June 22, 2010, and his first motion for continuance of trial on July 9, 2010.  After Petitioner's initial motion on July 9, 2010, the Court consistently granted Petitioner's subsequent unopposed motions for continuance of trial through February 7, 2011.  Thus, because the time period between July 9, 2010 and February 7, 2011 is properly excluded for purposes of calculating time for the Speedy Trial Act, see 18 U.S.C. § 3161(h)(7)(A), the Court finds the United States' thirty day window in which to file additional indictments had not closed as of January 29, 2011, the date of the superseding indictment.

Petitioner's original indictment was not dismissed until after the superseding indictment was filed. (Doc. No. 210 at 8.) Petitioner avers that in his case, the United States maintained "two 'active' indictments charging [Petitioner] with essentially the same crimes," and that such procedure "violates the law" because it constitutes "a form of double jeopardy." (Id. at 9; Doc. No. 220 at 4.) The United States argues that the presence of two "active" indictments does not violate Petitioner's rights, and that maintenance of two indictments "is consistent with well-established procedure in this district." (Doc. No. 215 at 28.)

The Court finds that the presence of two "active" indictments did not violate the Double Jeopardy clause. In United States v. Cerilli, the Third Circuit stated that "it has long been settled that the Double Jeopardy Clause is not abridged where there are two pending indictments, setting forth largely identical charges, against the same defendants." 558 F.2d 697, 701 (3d Cir. 1977). The Court therefore finds Petitioner's double jeopardy argument meritless. Accordingly, the Court finds that counsel was not ineffective for failing to object to the existence of two "active" indictments, and thus the Court will not hold an evidentiary hearing on this matter.

### d.      Elements of the offense

Petitioner argues that counsel was ineffective for failing to object to both the original and superseding indictments on the grounds that they fail to sufficiently state the offense of "interstate transportation of stolen property." (Doc. No. 210 at 9.) Specifically, Petitioner contends that because the indictments state only that the acts were committed "in the Middle District of Pennsylvania and elsewhere," but do not specifically identify the out-of-state locations for the transported goods, the indictments fail to sufficiently allege Petitioner's involvement in transportation of stolen goods across state lines. (Id.) The United States argues

that the indictments contained sufficient information to charge Petitioner with interstate

transportation of stolen property, and therefore counsel was not ineffective.  (Doc. No. 215 at 28-

29.)

An indictment is generally considered sufficient where it: "(1) contains the elements of

the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be

prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may

plead a former acquittal or conviction in the event of a subsequent prosecution."  United States v.

Rankin, 870 F.2d 109, 112 (3d Cir. 1989) (internal citations omitted).  Further, "[i]t is generally

sufficient that an indictment set forth the offense in the words of the statute itself, as long as

those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity,

set forth all the elements necessary to constitute the offense intended to be punished."  Hamling

v. United States, 418 U.S. 87, 117 (1974).

Section 2314 provides in relevant part that an individual who "transports, transmits, or

transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money

of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by

fraud . . . shall be fined under this title or imprisoned not more than ten years, or both."  18

U.S.C. § 2134.  Petitioner's charge for interstate transportation of stolen goods on both

indictments is as follows:

> Beginning in approximately 2006, and continuing through on or about August 3,
> 2008, in West Manchester Township, York County, Pennsylvania, within the
> Middle District of Pennsylvania and elsewhere, [Defendants] aided and abetted by
> each other and by individuals known and unknown to the Grand Jury, did
> unlawfully transport, transmit and transfer in interstate commerce to and from
> West Manchester Township, York County, Pennsylvania, within the Middle
> District of Pennsylvania and elsewhere, stolen goods and merchandise; that is,
> inventory and property, including tires and rims, belonging to Americana Tire and

Wheel, 3001 West Market Street, West Manchester Township, York County, Pennsylvania, of a value of $5,000 or more, knowing the same to have been stolen.

(Doc. Nos. 1, 47.)

The indictments therefore set forth "the words of the statute itself," with added details as to the time and place of the theft and transportation. The Court finds the language of the indictments sufficient to "inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 118 (internal citations omitted). The indictment contains the specific time period during which the offense occurred, and details the types of property Petitioner was alleged to have stolen from Americana Tire and Wheel. Further, the indictment sufficiently placed Petitioner on notice that the United States believed his conduct contributed to the "unlawful[] transport, transmit and transfer in interstate commerce" of the stolen property. The Court finds that the indictments' lack of precise locations for the transported property do not render them insufficient,[5] and Petitioner's argument to the contrary without merit. Accordingly, the Court finds counsel was not ineffective for failing to object to the lack of precise locations in the indictments' charges for interstate transportation of stolen

---

[5] The Court recognizes that Petitioner argues that he "feels that this is a matter for the State Courts," because "the United States has never shown where out of the State of Pennsylvania anything had been taken." (Doc. No. 220 at 4.) However, the Court notes as just one example that at trial, numerous witnesses, including Arie Yohanan, manager for Paz Metals of York, Pennsylvania, testified that Paz Metals purchased wheels from Petitioner, and the parties stipulated at trial to the fact that Paz Metals sold wheels to Beck Aluminum Alloys, Limited, which Beck then resold to "customers in various states, including Missouri, Michigan, Ohio, Massachusetts, Wisconsin, and Florida." (See Doc. No. 174 at 40-41, 66-86, 114-36, 139-47; see also Doc. No. 173 at 83-84.) Thus, the Court finds Petitioner's suggestion that "the United States has never shown where out of the State of Pennsylvania anything had been taken," is inaccurate. (Doc. No. 220 at 4.)

property, and therefore the Court will not hold an evidentiary hearing on this matter.

### 3.    Counsel's alleged failure to object to sentencing enhancements

Petitioner argues that counsel was ineffective for failing to object to sentencing enhancements "that were not found by a jury beyond a reasonable doubt, but rather by a judge by a preponderance of the evidence in violation of Blakely [v. Washington]."  (Doc. No. 210 at 10 (citing 542 U.S. 298 (2004).)  Specifically, Petitioner argues that the following sentencing enhancements he received under the U.S.S.G. are unconstitutional: (1) a two-level enhancement for "committing an offense to conceal another" under U.S.S.G. § 2k1.4(b)(1); (2) a four-level enhancement for leadership under U.S.S.G. § 3b1.1(a); (3) a two-level enhancement for obstruction of justice under U.S.S.G. § 3c1.1; and (4) an eighteen-level enhancement for loss of more than $2,500,000.00 under U.S.S.G. § 2b1.1(b)(j).  (Id.)  See also Presentence Report ("PSR") ¶¶ 50-51, 53-54.  Petitioner asserts that the Court's application of these enhancements contradicts Alleyne v. United States, 133 S. Ct. 2151 (2013), wherein the Supreme Court held that each enhancement increasing a defendant's sentence is required to be submitted to the jury and found beyond a reasonable doubt.  (Doc. No. 210 at 10.)  Petitioner concludes that although he proceeded to trial, "the enhancements were never included in the indictments, never brought before the jury, and therefore they are unconstitutional."  (Id.)

The United States argues that Petitioner misconstrues the applicability of Alleyne.  (Doc. No. 215 at 30.)  In Alleyne, the Supreme Court held that any fact that increases "the legally prescribed range of allowable sentences . . constitutes an element of a separate, aggravated offense that must be found by the jury. . . ."  133 S.Ct. at 2153.  The Third Circuit has recognized that after Alleyne, any facts that increase a mandatory minimum sentence must be submitted to a

jury and proved beyond a reasonable doubt.  United States v. Blair, 734 F.3d 218, 226 (3d Cir.

2013).  The United States contends that because the enhancements applied to Petitioner's

sentence "neither increased the statutory maximum penalty nor created a mandatory minimum

sentence," Petitioner's argument under Alleyne is meritless.  (Doc. No. 215 at 31.)

The Court finds that Petitioner's Alleyne argument fails, because his sentencing

enhancements did not increase his sentence.  Petitioner was found guilty on one count of

criminal conspiracy in violation of 18 U.S.C. § 371, and one count of interstate transportation of

stolen property in violation of 18 U.S.C. § 2134.  (See Doc. No. 126.)  Criminal conspiracy

carries a  maximum statutory penalty of five years' imprisonment, and interstate transportation

of stolen property carries a maximum statutory penalty of ten years' imprisonment.  18 U.S.C. §§

371,  2134.  Neither Section 371 nor Section 2134 contain mandatory minimum statutory

penalties.  See id.

Petitioner's "total offense level" as calculated by the probation officer and adopted by the

Court, reflected the sentencing enhancements that Petitioner now contests, and resulted in a total

offense level of 36.  (PSR ¶ 59.)  The probation officer calculated Petitioner's criminal history

category at III (see id. ¶ 69), but the Court determined that a criminal history category of II was

appropriate to the circumstances (see Doc. No. 195 at 20).  With a criminal history category of II

and total offense level of 36, Petitioner's sentencing range per the U.S.S.G. was 210 to 262

months' imprisonment.  See U.S.S.G. Sentencing Table.  However, because the total statutory

maximum for Petitioner's two convictions is fifteen years' imprisonment (180 months), and

Petitioner was in fact sentenced to a term of 180 months' imprisonment, the Court finds the

enhancements Petitioner now contests did not affect his sentence.  See Blair, 734 F.3d at 226.

Thus, because the Court finds Petitioner's <u>Alleyne</u> argument meritless, it further finds that counsel was not ineffective for failing to object to the enhancements.  Accordingly, the Court will decline to grant an evidentiary hearing as to this matter.

### B.    Petitioner's claim that he was subject to vindictive prosecution

Petitioner also asserts that Assistant United States Attorney Christy Fawcett subjected him to a vindictive prosecution.  (Doc. No. 210 at 11.)  Specifically, Petitioner asserts that Ms. Fawcett suggested to Petitioner that if he did not enter into the plea agreement proposed by the United States, Ms. Fawcett would pursue more serious charges through a superseding indictment.  (<u>Id.</u>)  The United States argues that because Petitioner did not preserve this issue before the Court or raise it on direct appeal, "the claim is procedurally defaulted and [Petitioner] has neither alleged nor established cause for this default."  (Doc. No. 215 at 31-32.)

"[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982).  Petitioner's brief in support of his motion to vacate, set aside, or correct his sentence contains no arguments as to the cause of his procedural default.  However, in his reply brief, he alleges that he "feels that [his failure to raise the issue at trial or on direct appeal] is just another point in showing where [Petitioner's] counsel was ineffective."  (Doc. No. 220 at 5.)  Thus, Petitioner attempts to convert his initial claim of vindictive prosecution against Ms. Fawcett to one of ineffective assistance of counsel against counsel through his reply brief.  (<u>See</u> Doc. No. 210 at 11; Doc. No. 220 at 5.)

The Court finds Petitioner fails to establish "cause" for the procedural default.  Further,

even characterizing Petitioner's claim as one of ineffective assistance of counsel for failure to

raise the issue of a vindictive prosecution, the Court finds Petitioner's claim meritless.  The

Supreme Court has found that, "[i]n the ordinary case, so long as the prosecutor has probable

cause to believe that the accused committed an offense defined by statute, the decision whether

or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely

in [her] discretion." United States v. Armstrong, 517 U.S. 456, 464 (1966) (internal citations

omitted).  The Supreme Court has further clarified that "the Due Process Clause of the

Fourteenth Amendment [does] not prohibit a prosecutor from carrying out a threat, made during

plea negotiations, to bring additional charges against an accused who refused to plead guilty to

the offense with which he was originally charged." United States v. Goodwin, 457 U.S. 368,

377 (citing Bordenkircher v. Hayes, 434 U.S. 357 (1978)).  Ms. Fawcett's allegedly

"unconstitutional" conduct – sending Petitioner a letter in which she made clear that if he

declined the plea agreement prepared by the United States she would seek more serious charges

through a superseding indictment – is precisely the conduct the Supreme Court has held does not

violate due process. See id.  Thus, the Court finds that even construing Petitioner's claim as one

of ineffective assistance of counsel for failure to raise the issue of vindictive prosecution,

Petitioner's claim is meritless.  Accordingly, the Court finds counsel was not ineffective as to

this matter, and the Court will decline to hold an evidentiary hearing.

### C.      Claim for relief based on United States v. Rosemond

On December 2, 2014, with disposition of Petitioner's motion pending, he filed a motion

for leave to supplement his motion to vacate, pursuant to Federal Rule of Civil Procedure 15(d).

(Doc. No. 221.)  Petitioner moved the Court to allow him to amend his Petition to include a

claim based on the Supreme Court's decision in <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014). (<u>Id.</u>)  The Court has reviewed Petitioner's submission, finds it without merit, and will therefore grant the motion to amend for the limited purpose of considering Petitioner's new argument, but will deny relief based on the merits of the supplemental filing.

<u>Rosemond</u> concerned a Section 924(c) offense, a "combination crime" for which the Government had to prove both "the use or carriage of a gun" and "the commission of a predicate (violent or drug trafficking) offense." 134 S. Ct. at 1245.  The jury instructions in <u>Rosemond</u> conveyed to the jury that it could find the defendant was guilty of aiding and abetting if he "(1) knew his cohort used a firearm in the drug trafficking crime, and (2) knowingly and actively participated in the drug trafficking crime." <u>Id.</u> at 1251.  The Supreme Court held this instruction was problematic inasmuch as it failed to explain the defendant "needed advance knowledge of a firearm's presence" and therefore allowed for conviction even if Defendant "first learned of the gun when it was fired and . . . took no further action to advance the crime." <u>Id.</u> at 1251-52.

Petitioner appears to argue that, following <u>Rosemond</u>, the jury instructions in his case were faulty in that they did not inform the jury that the government must prove that Petitioner had "advance knowledge" of his cohorts' illegal activities; specifically, interstate transportation of stolen property, and the use of fire to commit a federal felony.  (Doc. No. 221-1.)  The Court disagrees.  Here, the jury was charged that, in order to find Petitioner guilty of aiding and abetting, they must find that he "knowingly did some act for the purpose of aiding . . . [his cohorts] in committing the specific offenses charged and <u>with the intent that [his cohorts] commit those specific offenses</u>." (Doc. No. 177 at 812:10-17) (emphasis added).  The jury was also charged that:

> If the evidence shows that Mr. Hughes knew that the offenses were being committed or were about to be committed <u>but does not also prove beyond a reasonable doubt that it was Mr. Hughes' intent and purpose to aid</u> . . .  or otherwise associate himself with the offenses, <u>you may not find him guilty of the offenses as an aider and abettor.</u>

(<u>Id.</u> at 812:25, 813:1-6.)(emphasis added).  These are drawn from Third Circuit Model Instruction 7.2, aiding and abetting, an instruction which courts in this Circuit have repeatedly found do not entitle a Defendant to relief under <u>Rosemond</u>.  <u>See</u> <u>United States v. Smith</u>, No. 10-489-2, 2014 WL 3765316, at *4 (E.D. Pa. July 31, 2014); <u>United States v. Jefferson</u>, No. 13–137, 2014 WL 1745027, at *11 (D.N.J. Apr. 29, 2014).  This is because the Court's instructions  – that the jury must find that Petitioner undertook an act, for the purpose of aiding and abetting, with the <u>intent</u> that others commit the specific charged offenses – necessarily and logically encapsulate the notion that Defendant must have had advance knowledge of those crimes.  <u>See</u> <u>Smith</u>, 2014 WL 3765316, at *4 ("The requirement that the jury must find the defendant did some act to aid the principal in committing a [Section] 924(c) offense with the intent that the principal commit the [Section] 924(c) offense logically requires the defendant's participation to have occurred at a time when he knew a gun would be involved.").  Accordingly, the Court finds that the instructions provided at trial are distinct from those in <u>Rosemond</u>, and the use of the instructions does not entitle Petitioner to relief.  The jury was therefore properly instructed prior to finding that Petitioner was guilty.[6]

---

[6] Petitioner also conclusorily states that based on <u>Rosemond</u>, "no rational juror could have found that this Petitioner had such advance knowledge," or that he satisfied the affirmative act requirement.  (Doc. No. 221.)  But as the Court described above, the jury instructions were sufficient to set forth that the Petitioner had to act with intent and knowledge of the offenses in order to be guilty.  Accordingly, <u>Rosemond</u> does not create a burden of proof different from that presented in the jury instructions and applied by the jury.

## IV.   CONCLUSION

The Court finds that Petitioner has not stated any claims in his Section 2255 petition that merit relief, and will deny the petition.  Thus, the Court will not conduct an evidentiary hearing. An order consistent with this memorandum follows.